UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MARK T. GARZA | ) | |
| | ) | |
| v. | ) | No. 2:16 CV 242 |
| | ) | (arising from No. 2:11 CR 74) |
| UNITED STATES OF AMERICA | ) | |

## OPINION and ORDER

Mark Garza has filed a motion (DE # 30) challenging his sentence pursuant to 28 U.S.C. § 2255. For the reasons identified below, Garza's motion will be denied.

### I. BACKGROUND

On December 15, 2011, this court accepted Garza's plea agreement, and entered judgment convicting Garza of unlawful possession of a firearm by a felon, pursuant to 18 U.S.C. § 922(g). (DE # 28.) The court sentenced Garza to a 84-month term of imprisonment, a 3-year term of supervised release, and imposed a $100 special assessment. (*Id.*) In calculating his sentence, this court determined that Garza's base offense level was 24, on the basis that he had two prior felony convictions for "crimes of violence" as defined by § 4B1.2. *See also* U.S.S.G. § 2K2.1(a)(2) (2011). Garza's two prior felony convictions were: (1) a 2005 Indiana conviction for criminal recklessness; and (2) a 2009 Illinois conviction for burglary.

Garza now moves to vacate his sentence on the basis that this court's use of the Sentencing Guideline's "residual clause" in § 4B1.2 to calculate his sentence is unconstitutional in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).

## II. LEGAL STANDARD

Section 2255 allows a person convicted of a federal crime to seek to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255. This relief is available only in limited circumstances, such as where an error is of jurisdictional or constitutional magnitude, or where there has been an error of law that "constitutes a fundamental defect which results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal citation and quotation marks omitted). Motions to vacate a conviction or correct a sentence ask a court to grant an extraordinary remedy to a person who has already had an opportunity for full process. *Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006). A motion under § 2255 "is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (internal citation and quotation marks omitted). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shipman v. United States*, 925 F.3d 938. 943 (7th Cir. 2019).

Rule 4 of the Rules Governing § 2255 Proceedings requires the court to promptly examine the motion. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *Id.*

## III. DISCUSSION

Garza's motion to vacate must be summarily dismissed pursuant to Rule 4

because his motion is neither timely nor meritorious.

Prisoners seeking to challenge their sentence pursuant to § 2255 must move to do so within one year from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

After his conviction in 2011, Garza neither appealed his conviction nor filed a collateral attack pursuant to § 2255 within the one-year limitations period set forth in § 2255(f). Nevertheless, Garza argues that his present motion is timely pursuant to § 2255(f)(3), on the basis that he filed his motion within a year of the Supreme Court's decision in *Johnson*. However, the new rule announced in *Johnson* does not apply to his case, and therefore it did not open the door to his motion under § 2255(f)(3) and his motion is untimely.

In *Johnson*, the Supreme Court held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. *Johnson*, 135 S. Ct. at 2562-63. The residual clause stated that a prior offense qualifies as a

"violent felony" under the ACCA if it "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that *Johnson* applied retroactively on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

It is true that at the time Garza was sentenced § 4B1.2 of the Guidelines contained the same language that the Court in *Johnson* held unconstitutionally vague. *See* U.S.S.G. § 4B1.2(a) (2011). However, Garza was sentenced after the Supreme Court held that the Sentencing Guidelines are advisory, rather than mandatory. *See United States v. Booker*, 543 U.S. 220, 245 (2005). In *Beckles v. United States*, the Supreme Court held that *Johnson* does not apply to sentences enhanced under the residual clause of § 4B1.2(a)(2) in the post-*Booker* advisory Guidelines. 137 S. Ct. 886, 895 (2017); *see also Sotelo v. United States*, 922 F.3d 848, 851 (7th Cir. 2019); *Cummings v. United States*, 681 F. App'x 523, 524 (7th Cir. 2017); *Perry v. United States*, 877 F.3d 751, 752–55 (7th Cir. 2017). Thus, Garza's base offense level, determined pursuant to the residual clause of the advisory Guidelines, is not affected by *Johnson*, and his motion to vacate is not timely.

Pursuant to § 2255 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. A court should issue such a certificate only if the movant has made a substantial showing of the denial of a constitutional right, that is, that reasonable jurists would find debatable whether the district court correctly resolved the issues or would conclude that those issues deserve further proceedings. 28 U.S.C. § 2255; 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003). In

4

light of the controlling case law, the conditions for the issuance of a certificate of appealability are not present in this case, and no certificate will issue.

## IV. CONCLUSION

Accordingly, the court **TERMINATES** the stay of this case. Moreover, pursuant to Section 2255 Habeas Corpus Rule 4, the court **DENIES** Garza's motion to vacate (DE # 30). The court also **DENIES** Garza a certificate of appealability. The court **DIRECTS** the Clerk to **ENTER FINAL JUDGMENT** dismissing the collateral civil proceeding (2:16 CV 242) with prejudice, and to give notice to defendant-movant Garza.

SO ORDERED.

Date: July 4, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT